Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
twheeler@toddflaw.com
**Attorneys for Plaintiffs,**
**Nicole Romano and Jonathan Bono**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALFIORNIA

| | |
|---|---|
| Nicole Romano and Jonathan Bono, on behalf of themselves and all others similarly situated,<br><br>            Plaintiff,<br><br>     vs.<br><br>SCI DIRECT, INC. and DOES 1 to 10, inclusive,<br><br>            Defendants. | **CASE NO.:**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS CALIFORNIA LABOR CODE, AND UNFAIR BUSINESS PRACTICES ACT**<br><br>**JURY DEMAND** |

Plaintiffs Nicole Romano and Jonathan Bono (hereinafter "Plaintiffs"), on behalf of themselves and all those similarly situated, allege the following as and for a complaint against Defendants SCI DIRECT, INC., a Florida corporation that is headquartered in Florida and that conducts a substantial portion of its business in California, and DOES 1 through 10 (hereinafter sometimes collectively referred to as "Defendants").

Plaintiffs bring this Class Action against Defendants, and each of them, pursuant to Fed. R. Civ. P. 23.  All allegations in this Class Action Complaint ("Complaint") are based upon information and belief, except for those allegations which pertain to the

Plaintiffs named herein and their counsel. Plaintiffs' information and beliefs are based upon, *inter alia,* the investigation conducted to date by Plaintiffs and their counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## INTRODUCTION

1.     This Complaint challenges systemic illegal employment practices resulting in violations of the California *Labor Code*, *Business and Professions Code*, and applicable Industrial Welfare Commission ("IWC") wage order against employees of Defendants.

2.     Plaintiffs are informed and believe and based thereon allege that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard of the rights of all employees in, among other things, failing to provide reimbursement and/or indemnification for necessary business expenses incurred in the course of employment, as a result of misclassifying employees so as to avoid payment of such expenses, and failing to keep statutorily required payroll records.

3.     Plaintiffs are informed and believe and based thereon allege that Defendants have engaged in, among other things, a system of willful violations of the Fair Labor Standards Act, 29 U.S.C. § 216 (B), California *Labor Code*, *Business and Professions Code*, and applicable IWC wage order, including, but not limited to, Labor Code §§ 201-203, 221, 222.5, 223, 226.8, 226.3, 226.7, 400-410, 450, 510, 512, 1182, 1174, 1194, 1197, 1197.1, and 2802; California Code of Regulations, Title 8 §11090 section 7 & 11-12; California Wage Order No. 1-2001 (8 Cal. Code Reg., § 11090); and Industrial Wage Commission Wage (hereinafter "IWC") Order No. 4. Specifically, Plaintiffs challenge Defendants' acts of creating and maintaining policies, practices and customs of: (1) classifying Independent Sales Representatives as independent contractors instead of employees; (2) failing to reimburse Plaintiffs and the Class for

reasonable business expenses; (3) failing to provide Plaintiffs and the Class with accurate, itemized wage statements; (4) failing to timely pay Plaintiffs and the Class full wages upon termination or resignation; and (5) engaging in a pattern or practice of willfully misclassifying employees as independent contractors. Plaintiffs seek compensation, damages, penalties and interest to the full extent permitted by the Labor Code and IWC Wage Orders. Plaintiffs also seek injunctive relief requiring Defendants to implement a policy and practice of reimbursing Class Members for business expenses, as described herein.

4.       The policies, practices and customs of Defendants described above and below have resulted in the unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California *Labor Code* and the *Business and Professions Code*.

## JURISDICTION AND VENUE

5.       Jurisdiction is proper under 28 U.S.C. § 1332(d)(2)(A) because Plaintiffs worked for Defendant in the State of California, Plaintiff Bono is a current resident of the state of California, and because Plaintiffs seek relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant SCI Direct, Inc., a company incorporated in the State of Florida. Plaintiffs also seek damages in the form of reimbursement of business expenses for the Class, which are presently estimated to, when aggregated among a proposed class members, exceed the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

6.       Venue is appropriate in this Court pursuant to 18 U.S.C. § 1391(b)(2) because, on information and belief, and at all times relevant, Defendants operate and are doing business under the brand names of SCI DIRECT, INC.. Defendants, and each of them, do business throughout the State of California, including Los Angeles County where Plaintiffs were employed.

Class Action Complaint And Jury Demand

7.      The unlawful acts alleged herein have a direct effect on Plaintiffs and other employees similarly situated within the State of California. Plaintiffs and the Class Members have suffered damages and will continue to suffer the same harm as the Representative Plaintiffs as a result of Defendants', and each Defendant's, wrongful conduct unless the relief requested herein is granted.

## PARTIES

8.      Plaintiffs are informed and believe and based thereon alleges that Defendant SCI DIRECT, INC. is a Florida corporation with principal place of business in Florida, which regularly does business throughout the State of California. Plaintiffs are informed and believes and thereon alleges that Defendants, at all times herein mentioned, is and was doing business in the County of Los Angeles, State of California.

9.      Whenever in this Complaint reference is made to "SCI Direct, Inc.," such allegations collectively mean and refer to Defendants SCI DIRECT, INC., and its subsidiaries and divisions.

10.     Plaintiff Nicole Romano, at relevant times herein, was a resident of the County of Los Angeles, California. Plaintiff was at all relevant times an Independent Sales Representative employed by Defendants. Plaintiff was employed as an independent contractor and worked in Los Angeles County, California.

11.     Plaintiff Jonathan Bono is, and at relevant times herein was, a resident of the County of Los Angeles, California. Plaintiff was, at all relevant times, an Independent Sales Representative employed by Defendants. Plaintiff was employed as an independent contractor and worked in Los Angeles County, California.

12.     Although Plaintiffs were classified as independent contractors and not classified as employees, Plaintiffs' employment nonetheless was subject to substantial control by Defendants over their wages, hours and working conditions.

13.     Plaintiffs are informed and believe and based thereon alleges that at all times herein mentioned Defendants are and were corporations, business entities,

1  individuals, and partnerships licensed to do business and actually doing business in the
2  State of California.

3      14.     Plaintiffs do not know the true names or capacities, whether individual,
4  partner or corporate, of the Defendants sued herein as DOES 1 through 10, inclusive,
5  and for that reason, said Defendants are sued under such fictitious names. Plaintiffs
6  pray for leave to amend this Complaint when the true names and capacities of said Doe
7  Defendants become known to Plaintiffs. Plaintiffs are informed and believe and thereon
8  alleges that each of said fictitious Defendants were responsible in some way for the
9  matters alleged herein, and proximately caused Plaintiffs, as well as members of the
10 Class and members of the general public, damages as more specifically identified
11 below.

12     15.     At all times herein mentioned, each of said Defendants participated in the
13 doing of the acts hereinafter alleged to have been done by the named Defendants; and,
14 furthermore, the Defendants, and each of them, were the agents, servants and employees
15 of each of the other Defendants, as well as the agents of all Defendants, and at all times
16 herein mentioned were acting within the course and scope of said agency and
17 employment.

18     16.     Plaintiffs are informed and believe and based thereon allege that at all
19 times material hereto, each of the Defendants named herein was the agent, employee,
20 alter ego and/or joint venturer of, or working in concert with, each of the other co-
21 Defendants and was acting within the course and scope of such agency, employment,
22 joint venture, or concerted activity. To the extent said acts, conduct, and omissions
23 were perpetrated by certain Defendants, each of the remaining Defendants confirmed
24 and ratified said acts, conduct, and omissions of the acting Defendants.

25     17.     At all times herein mentioned, Defendants, and each of them, were
26 members of, and engaged in, a joint venture, partnership and common enterprise, and
27 acted within the course and scope of, and in pursuance of, said joint venture, partnership
28 and common enterprise.

Class Action Complaint And Jury Demand

18.     Plaintiffs are further informed and believe and based thereon alleges, at all times herein material, each Defendant was completely dominated and controlled by its Co-Defendants, and each was the alter ego of the other. Whenever and wherever reference is made in this Complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this Complaint, but were employees and/or agents of Defendants, such individuals at all relevant times acted on behalf of Defendants named in this Complaint within the scope of their respective employments.

19.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## FACTUAL ALLEGATIONS

20.     At all times herein mentioned, Class Members, including Plaintiffs, were employees of Defendants in the State of California, and Defendants were and are employers employing persons in the State of California.  As such, Class Members, including Plaintiffs, were the type of persons contemplated to be protected by the California *Labor Code* and the Wage Order, and said laws and regulations were intended to apply to Defendants and to prevent the type of injury and damage herein.

21.     Plaintiffs are informed and believe and based thereon allege that Defendants are and were advised by skilled lawyers and other professionals, employees,

and advisors with knowledge of the requirements of the United States' and California's wage and hour laws.

22.     During the relevant time period of this action, Defendants have employed, and continue to employ, Plaintiffs and other similarly situated individuals ("Independent Sales Representatives") to solicit and sell services on behalf of Defendants to new customers.   Defendants' entire business model is premised on outsourcing its sales onto Independent Sales Representatives as independent contractors, as a method of cutting costs, and thereby gain a competitive advantage.

23.     Defendants habe devised an elaborate scheme to skirt the requirements under the California Labor Code by misclassifying its Independent Sales Representatives as independent contractors rather than employees, denying them the benefits of employment, and shifting the vast majority of the cost of doing business onto the employees who carry out the day to day sales duties for Defendants.

24.     Defendants characterize its Independent Sales Representatives as independent contractors who merely utilize Defendants' offices and supplies to solicit and sell services on behalf of Defendants to new customers.   In fact, these Independent Sales Representatives are subject to high levels of control by Defendants over their wages, hours and working conditions, such that the conditions of their employment are in fact dominated and controlled in every material aspect, by Defendants.

25.     Defendants' control over Plaintiffs' and Class Members' wages, hours and working conditions, begins with Defendants' requirement that each Independent Sales Representative enter into a written agreement with Defendants, as to the terms of their employment.   This agreement specifies that Independent Sales Representative must adhere to strict rules and regulations put in place at Defendants' sole discretion.

26.     Defendants maintain sole discretion over the terms of the independent contractor agreement and require applicants to sign these agreements with no ability to negotiate the terms, but rather as a condition of employment.

27.     The Agreements are drafted exclusively by Defendants and/or its legal counsel.

28.     The Agreement purports to classify Independent Sales Representatives as independent contractors so as to conceal the true nature of the relationship between Defendants and their Independent Sales Representative: that of employer and employees.

29.     Defendants retain the right to terminate Independent Sales Representative without notice if they fail to adhere to any part of the Agreement. Defendants require Independent Sales Representatives to comply with their numerous policies and procedures or face possible termination.

30.     Defendants maintain exclusive control over the rates of pay that Independent Sales Representatives will receive, which is based on an hourly rate and other factors, determined at the sole discretion of Defendants.  Defendants reserve the right to make adjustments to their rates of pay, at any time, without notice to Independent Sales Representatives directly impacting the wages earned by Plaintiffs and Class Members.

31.      Independent Sales Representatives are required to agree to Defendants' pay schedule, which is subject to change, in order to work for Defendants.

32.     Defendants' managers also supervise and oversee the work performed by Independent Sales Representatives, and are in regular communication with Independent Sales Representatives about Defendants' policies and procedures, and about the job duties of Independent Sales Representatives.

33.     Independent Sales Representatives must utilize Defendants' offices and supplies in order to access Defendants' network of customers.  Defendants' application place serious limitations and requirements on Independent Sales Representatives in how they are required to carry out their job duties.  Having a Smartphone is a condition of employment with Defendants as an Independent Sales Representative.

34.     Defendants determine where Independent Sales Representatives are required to work, when they are required to work, and how they are required to work. Specifically, Defendants will set Independent Sales Representatives work schedules, which instruct them where and when to work.

35.     Defendants require Independent Sales Representatives to provide a full report to Defendants, including hours worked, clients called, and sales made. Defendants maintain attendance records, and have the ability to maintain accurate time records for all hours worked by Independent Sales Representative.

36.     In *S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341 (1989), the California Supreme Court laid out eight (8) factors in addition to the common-law control test in determining the issue of misclassification.  These factors include: (1) whether the one performing services is engaged in a distinct occupation or business; (2) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (3) the skill required in the particular occupation; (4) whether the principal or the worker supplies the instrumentalities, tools, and the place of work for the person doing work; (5) the length of time for which the services are to be formed; (6) the method of payment, whether by the time or by the job; (7) whether or not the work is a part of the regular business of the principal; and (8) whether or not the parties believe they are creating the relationship of employer-employee.

37.     Defendant's 30(b)(6) Witness confirmed in her deposition testimony that the only basis Defendant has for classifying Plaintiffs and similarly situated Class Members as independent contractors is based on their signature on the Independent Sales Representative Agreement as described above.

38.     Defendant's CEO Tim Nicholson confirmed in his deposition that Defendant's sales managers, which are employees of Defendant that oversee and directly control the Independent Sales Representatives, have the authority to hire and

fire Independent Sales Representatives, and that this authority is the same nationwide for all sales managers.

39.     Defendant's CEO Tim Nicholson further confirmed that the policies that Defendant applied to Plaintiffs and the California Independent Sales Representatives were the same policies that applied to Independent Sales Representatives across the United States.

40.     Defendant's sales managers would exercise direct supervision over Plaintiffs and putative Class Members and their performance, including through regular and continuous communication by email and text, and would also hold weekly "huddle up" meetings with during which they would provide guidance and training to the Independent Sales Representatives in order to try to boost Defendant's sales.  This goes to both the 2nd and 4th *Borello* factors as Defendant exercised supervision and a location for these meetings to occur.

41.     Plaintiffs were Independent Sales Representatives at Defendant's Sherman Oaks Office.  Independent Sales Representatives were assigned to a local "home" office around which all the leads provided by Defendant to them would be regionally located. This goes to the 4th *Borello* factor about location.

42.     Plaintiffs and putative Class Members were paid on a bi-weekly commission structure similar to sales employees.  This goes to the 6th *Borello* factor about the form and type of payment.

43.     Defendant would provide the contracts that Independent Sales Representatives would take to potential consumers and require the Independent Sales Representatives to return the signed contracts to Defendant's physical office for processing.  This goes to the 4th *Borello* factors as Defendant provided the contracts and required Plaintiffs and Independent Sales Representatives to physically return to those offices.

44.     Defendant would require Plaintiffs and the putative Class Members to regularly and continuously update their lead management system to reflect the status of

1  leads and to track the performance of Independent Sales Representatives in handling
2  those leads assigned by Defendant.

3      45.      Defendant would additionally provide presentation guides, forms,
4  pamphlets, brochures, door hangers, as well as business cards, but would charge
5  Independent Sales Representatives for many of these materials through its online lead
6  tracking system.

7      46.      Defendant misclassifies and employs hundreds of Independent Sales
8  Representatives in California.  Defendant's Independent Sales representatives are the
9  majority if not the exclusive source of calling and visiting consumers in order to sign
10 them up for the services that Defendant sells.  Defendant's conversion of leads to
11 customers by Independent Sales Representatives is its primary source of revenue.
12 Defendant's reward structure of its employees, including sales managers, on top of its
13 wages is premised on the performance of the Independent Sales Representatives they
14 oversee.  This goes directly to the 7th *Borello* factor as Plaintiffs and other Independent
15 Sales Representatives were an integral part of Defendant's business.

16     47.      Independent Sales Representatives work in a generic sales job in which
17 there is no specialized training or skills specific to the position as compared to another
18 sales job, and the duties and responsibilities for the Independent Sales Representatives
19 are the same across both the State of California as well as the United States.

20     48.      To the extent any training is necessary for the position of Independent
21 Sales Representative, Defendant provides training materials and sessions to
22 Independent Sales Representatives on general sales practices as well as the use of
23 Defendant's lead management system.

24     49.      Defendant employs a number of employees in all its other positions
25 combined approximately equal to the total number of Independent Sales
26 Representatives employed by Defendant.

27

28

50.     Defendant treated Plaintiffs and putative California Class Members the same regardless which of the many different locations Defendant owns and operates offices in they worked at.

Plaintiffs' Facts Regarding Failure to Repay Business Expenses

*Plaintiff Romano*

51.     Plaintiff Romano worked (conservatively) at least 50 hours per week on average, and often times worked up to 60 hours a week during her time working for SCI.   She worked for SCI from approximately May 2014 to April 2017 as an Independent Sales Representative.

52.     Romano incurred numerous business expenses as a result of her work for SCI.   Such expenses included mileage on her vehicle, cell phone usage, car signage, business cards, a computer, and an iPad.  Romano was told by SCI that she was expected to buy these items in order to perform her job duties for SCI.   She purchased business cards from SCI's store, which had the Neptune Society logo on them as well as her name and identified Romano as a sales agent for the company.   On average, Romano estimates that she spent approximately $3,000 a year in costs as a result of her job with SCI, excluding business mileage.

53.     Romano drove extensively for SCI in order to go to the homes of customers and sell them SCI's services.   Romano estimates that she drove over 100 miles per week with her personal vehicle.   Mileage rates between 2014 and present varied from $.53 per mile to $57 per mile.  At an average rate of approximately $.55 per mile, this equates to an estimate of $55 per week in unreimbursed mileage, or approximately $8,250 over three years in expenses incurred by Romano driving for SCI to sell its services.   Romano was never reimbursed for her mileage expenses.   Romano's tax records will provide more accurate mileage figures.

54.     Romano used her personal cell phone for work, for the purpose of answering calls texts and emails from her manager, and co-workers, as well as

1    coordinating with SCI customers and potential customers. Romano was never
2    reimbursed for her cell phone usage either.

3        55.      SCI written policy is that the company will not permit Independent Sales
4    Representatives to request reimbursement of any of their business expenses.

5    *Plaintiff Bono*

6        56.      Plaintiff Bono worked (conservatively) at least 40-45 hours per week on
7    average, during his time working for SCI.  Bono worked for SCI from approximately
8    2012 to June, 2017 as an Independent Sales Representative.

9        57.      Bono incurred numerous business expenses as a result of his work for SCI.
10   Such expenses included mileage on his vehicle, cell phone usage, business cards, and a
11   laptop computer.  Bono was told by SCI that he was expected to buy these items in
12   order to perform her job duties for SCI.  He purchased business cards from SCI's store,
13   which had the Neptune Society logo on them as well as his name and identified Bono
14   as a sales agent for the company.   On average, Bono estimates that he spent
15   approximately $4,000 a year in costs as a result of his job with SCI, excluding business
16   mileage.

17       58.      Bono drove extensively for SCI in order to go to the homes of customers
18   and sell them SCI's services.  Bono estimates that he drove approximately 100-200
19   miles per week with his personal vehicle (an average of 150 miles per week).  Mileage
20   rates between 2014 and present varied from $.53 per mile to $57 per mile.  At an average
21   rate of approximately $.55 per mile, this equates to an estimate of $82.50 per week in
22   unreimbursed mileage, or approximately $16,500 over a period of four years in
23   expenses incurred by Bono driving for SCI to sell its services.   Bono was never
24   reimbursed for his mileage expenses. Bono's tax records will provide more accurate
25   mileage figures.

26       59.      Bono used his personal cell phone for work, for the purpose of answering
27   calls texts and emails from her manager, and co-workers, as well as coordinating with

28

SCI customers and potential customers. Bono was never reimbursed for his cell phone usage either.

## CLASS ALLEGATIONS

60.     Plaintiffs bring claims for violation of California Law as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), individually and on behalf of the following class of persons (the "Class") brings this action on behalf of the following class:

> All persons who have been, or currently are, employed by Defendants and who performed at least one Independent Sales Representative service in California for Defendants as an independent contractor  during the Class Period and who held, or hold, the position of Independent Sales Representative.  This definition includes any and all prior job titles assigned to this position during the Class Period.  Excluded from the California Class are all persons who were employed by Defendants as Managers, or in managerial or corporate positions equal, or superior, to Managers, during the Class Period.

61.     The Class seeks unpaid business expenses, equitable relief, interest, restitution, injunctive relief, and reasonable attorneys' fees and costs, for failure to comply with applicable sections of the California *Labor Code*, Industrial Welfare Commission Wage Order No. 4 ("Wage Order"), and California *Business and Professions Code* §§ 17200, *et seq*.

62.     Under California *Business and Professions Code* §§ 17200, *et seq.* ("Unfair Practices Act"), and pursuant to both the class action and representative action procedures provided for in these statutes, Plaintiffs, on behalf of themselves and the proposed Class Members, also seeks restitution of all benefits Defendants have received from its unlawful actions as alleged herein, as well as an injunction preventing Defendants from misclassifying Independent Sales Representatives as independent contractors, reclassifying them as employees, and being required to reimburse them business expenses and provide itemized wage statements.

63.     During Plaintiff's and Class Members' employment with Defendants, Defendants did not reimburse Independent Sales Representatives for business expenses incurred in the course of their employment, in violation of California *Labor Code* §§ 2800 *et. seq.*

64.     As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California *Labor Code* §§ 201-204, 226, 226.7, 226.8, 227.3, 1194, 1194.2 and 2802, and California *Business and Professions Code* §§ 17200, *et seq*. (Unfair Practices Act).

65.     This action is brought, and may properly be maintained, as a Class Action under Fed. R. Civ. P. 23 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable. This action satisfies the predominance, typicality, numerosity, superiority, and adequacy requirements of these provisions.

66.     **Numerosity**:  The members of the Class are so numerous that joinder of all members would be impractical, if not impossible.  The identity of the members of the Class are readily ascertainable by review of Defendants' records, including payroll records. Plaintiffs are informed and believe and based thereon allege that Class Members regularly were denied reimbursement of business expenses by Defendant, for expenses incurred in the line of work, such as mileage and cell phone expenses, among others.  Based on discovery responses in related litigation, there are more than 100 persons who are potentially Class Members.

67.     **Adequacy of Representation**:  The named Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above with whom they have a well-defined community of interests and typicality of claims as demonstrated herein.  Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the Class and the representative Plaintiffs. Plaintiffs' attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California

courts. Further, Plaintiffs' counsel is competent and experienced in litigation class actions involving California *Business and Professions Code* §§ 17200, *et seq*.

68.     In addition, Defendants uniformly administered a corporate policy, procedure and practice of not maintaining accurate records and failing to provide true and accurate wage statements as required by California *Labor Code* § 226.

69.     Plaintiffs are informed and believes and based thereon alleges that the foregoing corporate conduct was accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

70.     As a pattern and practice and matter of corporate policy, in violation of the aforementioned labor laws, Defendants committed unfair practices based on the claims alleged in the preceding paragraphs.

71.     **Common Question of Law and Fact**:  There are predominant common questions of law and fact and a community of interest among Plaintiff and the Class Members concerning whether:

a) Class Members are independent contractors or employees under applicable law;

b) Defendants have the right to control the manner and means by which the Independent Sales Representatives perform their work;

c) Defendants direct and/or supervise the work that the Independent Sales Representatives perform;

d) Defendants' policy manuals and handbooks instruct the Independent Sales Representatives on how to conduct themselves and perform their work;

e) The Independent Sales Representatives use and receive forms and materials provided by Defendants;

f) The Independent Sales Representatives attend meetings or training conducted by Defendants regarding their work assignments and performance;

g) Defendants assign the Independent Sales Representatives schedules;

h) Defendants exercise control, directly or indirectly, over Class Members' work hours;

i) Defendants exercise control, directly or indirectly, over Class Members' working conditions;

j) Defendants exercise control, directly or indirectly, over the kinds equipment the Independent Sales Representatives use;

k) Independent Sales Representatives need special training, skills or education to perform their work;

l) Defendants supply tools and equipment to the Independent Sales Representatives;

m) The Independent Sales Representative work is part of the regular business of Defendants;

n) The method by which Defendants pay the Independent Sales Representatives;

o) The Independent Sales Representatives tenure with the company is indefinite and/or whether the contracts signed by the Independent Sales Representatives contain automatic renewal clauses and can be terminated by either party;

p) Defendants have the authority to discipline and/or terminate an Independent Sales Representative;

q) The Class Members are entitled to be reimbursed for Defendants' business expenses and deductions;

r) Defendants failed to provide Plaintiffs and the Class Members with reimbursement for Defendant's business expenses and deductions

s) Defendants' employment practices towards Plaintiff and Class Members constitute unfair business practices pursuant to California *Business and Professions Code* §§ 17200, *et seq*.

72. **Typicality:** The claims of Plaintiffs are typical of the claims of all members of the Class. Plaintiffs are members of the Class and have suffered harm as a

result of the violations of the Wage Order and California *Labor Code* alleged herein, including but not limited to California *Labor Code* §§ 226.8 and 2802.

73.    The Wage Order, and the California *Labor Code* upon which Plaintiffs base these claims contain provisions that are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power by establishing onerous terms and conditions of employment.

74.    The nature of this action and the format of laws available to Plaintiffs and members of the Class identified herein make the Class Action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Plaintiffs with their vastly superior financial and legal resources.  Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by current employees for fear of retaliation, and even by former employees, for fear of retaliation within the industry.

75.    The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against the Defendants, which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications, or which would substantially impair or impede the ability of the Class Members to protect their interests.  Further, the claims of the individual members of the

1    Class are not sufficiently large to warrant vigorous individual prosecution considering
2    all of the concomitant costs and expenses.

3         76.    Such a pattern, practice and uniform administration of corporate policy
4    regarding illegal employee compensation described herein is unlawful and creates an
5    entitlement to recovery by the Plaintiffs and the Class identified herein, in a civil action,
6    for the unpaid balance of the full amount of unpaid business expenses, including interest
7    thereon, applicable penalties, reasonable attorney's fees, and costs of suit according to
8    the mandate of California *Labor Code* §§ 226.8, and 2802, and applicable IWC wage
9    order.

10        77.    Proof of a common business practice or factual pattern, which the named
11   Plaintiffs experienced and are representative of, will establish the right of each of the
12   Class Members to recovery on the causes of action alleged herein.

13        78.    The Class Members are commonly entitled to a specific fund with respect
14   to the compensation illegally and unfairly retained by Defendants.  The Class Members
15   are commonly entitled to restitution of those funds being improperly withheld by
16   Defendants.  This action is brought for the benefit of the entire Classes and will result
17   in the creation of a common fund.

18        79.    Defendants have engaged in a common, unlawful practice in its
19   misclassification as independent contractors of both its California Independent Sales
20   Representatives such that injunctive relief pursuant to Fed. R. Civ. P. 23 is further
21   appropriate to finally stop Defendants illegal practices.

22                          **FIRST CAUSE OF ACTION**
23                    **Failure to Reimburse Business Expenses**
24                  **(California *Labor Code* § 2800, and 2802)**
25             **-By Plaintiffs and Class Members Against All Defendants-**

26        80.    Plaintiffs reallege and incorporates herein by reference each and every
27   allegation contained in the preceding paragraphs of this Complaint as though fully set
28   forth herein.

81.     While acting on the direct instruction of Defendants and discharging their duties for them, Plaintiffs and putative class members incurred work-related expenses.

82.     Such expenses include but are not limited to the costs associated with travel, including fuel, maintenance, vehicle depreciation, and others, as well as the cost of maintaining a personal cell phone, a computer with an internet connection, business cards, door hangers, and other items which could be purchased by Independent Sales Representatives from Defendant through its online storefront, or elsewhere, for purposes of using for Defendants' business.  Plaintiffs necessarily incurred these substantial expenses and losses as a direct result of performing their job duties for Defendants.

83.     Defendants have failed to indemnify or in any manner reimburse Plaintiffs for these expenditures and losses. By requiring Plaintiffs to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for Defendants and/or in obedience to Defendants' direction, Defendants have violated Cal. Labor Code § 2802.  Beyond merely failing to reimburse Plaintiffs and Class Members, Defendant actually charged Class Members for such items as business cards and door hangers, which were advertising materials that were used by Class Members to sell Defendant's products and services.

84.     As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorney fees for the prosecution of this action.

85.     The conduct of Defendants and their agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiffs and the Class Members.

86.     Plaintiffs request relief as described below.

///

///

///

## SECOND CAUSE OF ACTION

### Unfair Business Practices

### (California *Business and Professions Code* §§ 17200, *et seq.*)

### -By Plaintiffs and Class Members Against All Defendants-

87.     Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above, including but not limited to, requiring Class Members to perform the labor complained of herein without reimbursing necessary business expenses, in violation of Labor Code § 2802, and also by unlawfully misclassifying Independent Sales Representatives as independent contractors, in violation of Labor Code § 226.8. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

88.     Plaintiffs and the Class Members, and other similarly situated members of the general public, seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein. Plaintiffs seek, on their own behalf and on behalf of the Class Members and general public, the appointment of a receiver, as necessary.  The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

89.     Plaintiffs are informed and believe and on that basis alleges that, at all times herein mentioned, Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California *Business and Professions Code* §§ 17200, *et seq.*, as set forth above, thereby depriving Plaintiffs and Class Members the minimum working condition standards and conditions due to them under the California labor laws and the Wage Order as specifically described herein.

90.     Plaintiffs, on behalf of themselves and the proposed Class Members, seek an injunction preventing Defendants from misclassifying Independent Sales

Class Action Complaint And Jury Demand

Representatives as independent contractors, reclassifying them as employees, and being required to reimburse them business expenses and provide itemized wage statements.

91.     Plaintiffs, Class Members, and all persons similarly situated, are further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent.

## THIRD CAUSE OF ACTION

### Remedies under California Private Attorney General Act
### (CALIFORNIA LABOR CODE §§ 2698, et seq.)
### - By Plaintiffs and Class Members Against All Defendants -

92.     Plaintiffs incorporates all preceding paragraphs as though fully set forth herein.

93.     Plaintiffs have sent, contemporaneously herewith on March 23, 2018, a letter via certified mail, as well as by email to Defendant care of its counsel of record, notifying Defendant, pursuant to Labor Code §§ 2698 et. seq. of its violations of the Labor Code complained of herein.  A copy of the letter is being contemporaneously submitted to the Labor Workforce Development Agency as well.

94.     Plaintiffs will amend the complaint after the lapse of the appropriate notice and cure period, pursuant to Labor Code § 2699.3, but assert this claim at this time so as to toll the statute of limitations on the cause of action as of the date of the filing of the Notice Letter.

95.     Under Labor Code § 2699, any employee aggrieved by an employer's violation of the Labor Code has the right to file an action on behalf of all aggrieved employees for the penalties established by § 2699 and/or other Labor Code sections.

96.     The aforementioned wrongful acts and omissions of Defendants were violations of the Labor Code, as set forth herein.  Plaintiffs were each an employee that has been aggrieved by Defendants' violations of the aforementioned Labor Code provisions.

97.     During the applicable limitations period, Defendants have violated Labor Code §§ 226.8 and 2802.

98.     In addition to the aforementioned wrongful acts pled herein, Plaintiffs also allege that Defendant has violated Labor Code § 226.8, by intentionally and willfully misclassifying Plaintiffs and other Independent Sales Representatives, as well as under § 2802 by failing to reimburse business expenses, and seek penalties for this violation of the Labor Code pursuant to § 2699.  Plaintiffs do not seek a private right of action under § 226.8, and merely incorporate this alleged violating as one of the bases for their claim under the Private Attorney General's Act.

99.     Defendants have been engaging in a pattern and practice of misclassifying employees as independent contractors for their own financial benefit.

100.   As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiffs and Class Members are entitled to recover damages in an amount to be determined at trial, civil penalties, plus interest thereon, and attorneys' fees, and costs of suit pursuant to Labor Code § 226.8.

101.   Defendants have engaged in or are engaging in a pattern or practice of misclassifying the Independent Sales Representatives, and Plaintiffs seek recovery for civil penalties of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law.

102.   Plaintiffs, as employees against whom Defendants have committed one or more alleged violations of the Labor Code during the applicable limitations period are each an "aggrieved employee" within the meaning of Labor Code § 2699(c).

103.   Pursuant to Labor Code §§ 2699(a) and (f), Plaintiffs, on behalf of themselves and other aggrieved employees, seeks the following civil penalties for Defendants' violations of Labor Code §§ 226.8 and 2802:

A. For violations of Labor Code §§ 226.8 and 2802, $100 for each employee per pay period for each initial violation and $200 for each employee per

pay period for each subsequent violation (penalties set by Labor Code §
2699(f)(2));

    B.  For violations of Cal. Lab. C. 226(a), $250 for each employee per initial
violation and $1000 for each employee per subsequent violation (penalties
set by Labor Code § 226.3).

104.   Plaintiffs have complied with the procedures for bringing suit set forth in
Labor Code § 2699.3. By letter mailed March 23, 2018, Plaintiff filed a claim online
with the Labor and Workforce Development Agency ("LWDA") and gave written
notice via certified mail to Defendants of the specific provisions of the Labor Code that
they alleged to have been violated, including the facts and theories to support the alleged
violations.  Plaintiffs have not received a letter from the LWDA informing Plaintiffs
that it intends to investigate the violations of the Labor Codes they alleged.

105.   Pursuant to Labor Code § 2699(g)(1), Plaintiffs seek awards of reasonable
costs and attorneys' fees in connection with her claims for civil penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment for themselves and all others on
whose behalf this suit is brought against Defendants, jointly and severally, as follows:

a) That the Court determine that this action may be maintained as a class action
under Fed. R. Civ. P. 23;

b) That the Plaintiffs be appointed as the representatives of the Class;

c) That counsel for Plaintiffs be appointed as Class Counsel;

d) That the Court find that Defendants have been in violation of applicable
provisions of the California Labor Code by failing to pay each member of the
proposed Classes for all hours worked, including minimum wage;

e) That the Court find that Defendants have been in violation of California Labor
Code § 2802, by failing to reimburse the Plaintiff and the Class reasonable
business expenses and losses;

f) That the Court find that Defendants have committed unfair and unlawful business practices, in violation of California Business and Professions Code §17200, et seq., by their violations of the Labor Code and Wage Orders as described above;

g) That the Court find that Defendants' violations of the California Labor Code described herein have been willful;

h) That the Court award to Plaintiffs and the proposed Class Members restitution for the amounts of unpaid business expenses, including interest thereon, other statutory penalties in amounts subject to proof at trial;

i) That Defendants be ordered and enjoined to pay restitution and penalties to Plaintiffs and the proposed Class Members due to Defendants' unlawful and/or unfair activities, pursuant to Business and Professions Code §§17200-17205;

j) That Defendants further be enjoined to cease and desist from unlawful and/or unfair activities in violation of Business and Professions Code §17200, pursuant to §17203;

k) That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs pursuant to Labor Code §§ 203, 225.5, 226, 1194, 1197, and 2804, 226(g)(1) and/or other applicable law;

l) That the Court award any other relief this Court deems just, equitable, and proper; and

m) That these Defendants be ordered to refrain from retaliating against any Class Members who are current employees.

n) Any and all other applicable statutory penalties, as provided by law; and

o) Any other and further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs request a trial by jury on all applicable claims.

Dated: March 23, 2018                    By: /s/ Adrian R. Bacon
                                              Law Offices of Todd M. Friedman, P.C.
                                              Todd M. Friedman, Esq.
                                              Adrian R. Bacon, Esq.